UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SILVIO SEGUNDO MICOLTA-SINISTERRA,

v.                                    Case No. 8:13-cr-609-VMC-CPT
                                               8:22-cv-1630-VMC-CPT

UNITED STATES OF AMERICA.

_____/

## ORDER

This matter is before the Court on Silvio Segundo Micolta-Sinisterra's pro se 28 U.S.C. § 2255 Motion to Vacate, Set Aside, or Correct Sentence (Civ. Doc. # 1; Crim. Doc. # 295), filed on July 11, 2022. The United States of America responded on July 14, 2023. (Civ. Doc. # 8). Mr. Micolta-Sinisterra replied on August 13, 2023. (Civ. Doc. # 12). For the reasons that follow, the Motion is denied.

## I.  Background

On December 18, 2013, a grand jury indicted Mr. Micolta-Sinisterra on two counts: conspiracy to distribute five kilograms or more of cocaine, knowing and intending that such substance would be unlawfully imported into the United States (Count One); and conspiracy to possess with intent to distribute five kilograms or more of cocaine while on board a vessel subject to the jurisdiction of the United States

1

(Count Two). (Crim. Doc. # 1). On January 2, 2019, Mr. Micolta-Sinisterra pled guilty to Count Two of the indictment. (Crim. Doc. # 158).

At the change of plea hearing, Magistrate Judge Christopher P. Tuite asked Mr. Micolta-Sinisterra, who was under oath, a number of questions regarding his guilty plea. Judge Tuite first assured that Mr. Micolta-Sinisterra had sufficient education to read the documents in his case and was not under the influence of any intoxicating substances. (Crim. Doc. # 275 at 6:3-7:13). He next confirmed that Mr. Micolta-Sinisterra had reviewed the charges, the evidence, and his option to go to trial with his attorney, Ms. Angela B. Wright. (Id. at 8:8-9:21). He asked Mr. Micolta-Sinisterra if he was "fully satisfied with the advice and representation" of Ms. Wright, to which he responded "[y]es, Your Honor." (Id. at 8:21-8:24). He also confirmed that he had read each page of the plea agreement and discussed the terms with Ms. Wright. (Id. at 9:17). Judge Tuite next read the most significant terms of the plea agreement with the government and ensured that Mr. Micolta-Sinisterra understood those terms. (Id. at 10-16).

Judge Tuite next asked Mr. Micolta-Sinisterra whether he had been "threatened," "coerced," or "forced" to plead

2

guilty, to which he responded "[n]o one at all, Your Honor." (Id. at 17:15). Judge Tuite asked him if he was "pleading guilty freely and voluntarily?" (Id. at 17:16-17:17). Mr. Micolta-Sinisterra responded "[y]es, Your Honor." (Id. at 17:18). Judge Tuite also confirmed that Mr. Micolta-Sinisterra understood that his sentence contained a mandatory minimum term of imprisonment of fifteen years. (Id. at 18-19).

The factual basis in the plea agreement included several relevant facts. "From approximately 2006 until December 2013, the defendant was part of a Colombia-based cocaine transportation organization that transported cocaine by self-propelled semi-submersible (SPSS) vessels and go-fast vessels (GFVs) through the international waters of the Pacific Ocean, from Colombia to Central America and Mexico." (Crim. Doc. # 158 at 20). "During the course of the charged conspiracy, two SPSSs belonging to this cocaine transportation organization were interdicted by the United States Coast Guard (USCG)." (Id.). The interdictions involved 2,300 and 1,572 kilograms of cocaine, respectively. (Id. at 20-21). For the first interdiction, which occurred in 2008, Mr. Micolta-Sinisterra "installed the engine on this SPSS. [He] was present when this SPSS launched." (Id.). For the second interdiction,

3

which occurred in 2010, Mr. Micolta-Sinisterra "was present when this SPSS launched and instructed a crewmember and the onboard mechanic on how to properly handle the SPSS's motor." (Id.). In a post-Miranda interview, Mr. Micolta-Sinisterra "admitted to installing engines on SPSSs for [a leader of the organization] from 2007 until 2010, knowing the SPSSs were going to be transporting multi-ton quantities of cocaine." (Id. at 21-22). Mr. Micolta-Sinisterra was extradited from Colombia to the Middle District of Florida on April 27, 2017. (Id.).

On January 2, 2019, Judge Tuite entered his Report and Recommendation, recommending that the plea agreement and plea of guilty be accepted. (Crim. Doc. # 163). Neither party filed any objections. This Court accepted the guilty plea. (Crim. Doc. # 248).

Prior to sentencing, a Presentence Report ("PSR") was prepared. (Crim. Doc. # 173). The PSR scored Mr. Micolta-Sinisterra's offense level as follows: his base offense level was 38; a two-level enhancement was added because a semi-submersible vessel was used; a two-level enhancement was added because the defendant's role in the offense involved a special skill – diesel mechanics – and he taught crews how to operate the vessels; and a three-level reduction was factored

in for acceptance of responsibility. (Id. at 9). As a result, his total offense level was 39. (Id.). The PSR then identified that Mr. Micolta-Sinisterra had a prior conviction from 1999 for conspiracy to possess cocaine with intent to distribute on board a vessel subject to the jurisdiction of the United States. (Id. at 10-11). Thus, his criminal history category was III. (Id.).

On March 18, 2019, this Court held the sentencing hearing. (Crim. Doc. # 191). There are a few events from the hearing worth noting. The Court considered the sentence pronounced for Mr. Micolta-Sinisterra's co-defendant, Damaso Vente-Bonilla, noting that Mr. Micolta-Sinsterra "deserved a more significant sentence [than Mr. Vente-Bonilla] because of his prior offenses." (Crim. Doc. # 273 at 30-33). In further comparing the sentences, the Court noted that Mr. Vente-Bonilla was not involved in the 2010 interdiction, while Mr. Micolta-Sinisterra was involved in the 2010 interdiction. (Id. at 32). The probation officer explained that "[i]n this case, we used the 2009 manual which has the enhancement for the SPSS and that was because of the [vessel] that was [interdicted] in 2010." (Id.). Thus, the Court found that the two-level enhancement for the use of a semi-submersible vessel should apply to Mr. Micolta-Sinisterra's sentence

because that enhancement was added by the 2009 guidelines. (Id.).

During sentencing, Ms. Wright objected on Mr. Micolta-Sinisterra's behalf to the enhancements for his role in the offense and the use of the semi-submersible vessel, as well as for the failure to credit him with a minor role reduction. (Id. at 6). The Court overruled each objection. (Id. at 14). Mr. Micolta-Sinisterra's guidelines range was 324 to 405 months, but the Court varied downward to 240 months' imprisonment. (Id. at 34-35).

Mr. Micolta-Sinisterra filed his notice of appeal on August 12, 2020. (Crim. Doc. # 283). His appointed counsel found that the appeal was without merit and filed an Anders brief. (Crim. Doc. # 287). The Eleventh Circuit affirmed: "Because independent examination of the entire record reveals no arguable issues of merit, counsel's motion to withdraw is GRANTED, and Micolta-Sinisterra-Sinisterra's conviction and sentence are AFFIRMED." (Id.).

Now, Mr. Micolta-Sinisterra seeks to vacate his conviction, citing numerous claims of ineffective assistance of counsel. (Civ. Doc. # 1; Crim. Doc. # 295). The government responded in opposition (Civ. Doc. # 8), and Mr. Micolta-

6

Sinisterra filed a reply. (Civ. Doc. # 12). The Motion is ripe for review.

## II.    **Legal Standard**

Mr. Micolta-Sinisterra bears the burden of proving that he is entitled to relief under Section 2255. See LeCroy v. United States, 739 F.3d 1297, 1321 (11th Cir. 2014) ("[O]n a § 2255 petition, [the burden of proof] belongs to the petitioner.").

To prevail on a claim of ineffective assistance of counsel, a petitioner must show that (1) his counsel's performance was deficient, and (2) the deficient performance prejudiced his defense. Strickland v. Washington, 466 U.S. 668, 687 (1984). To establish deficient performance, Mr. Micolta-Sinisterra must demonstrate by a preponderance of the evidence "that particular and identified acts or omissions of counsel were outside the wide range of professionally competent assistance." Chandler v. United States, 218 F.3d 1305, 1314 (11th Cir. 2000) (internal citations and quotations omitted). In other words, Mr. Micolta-Sinisterra must show that "no competent counsel would have taken the action that [his] counsel did take." Id. at 1315. In deciding whether an attorney's performance was deficient, courts are "highly deferential" and "indulge [the] strong presumption

that counsel's performance was reasonable and that counsel made all significant decisions in the exercise of reasonable professional judgment." Id. at 1314 (internal quotation marks omitted).

To satisfy Strickland's second prong — prejudice — Mr. Micolta-Sinisterra must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. "To establish prejudice in the context of a guilty plea, [Mr. Micolta-Sinisterra] must show that there is a 'reasonable probability that, but for counsel's unprofessional errors,' he would not have entered a guilty plea and would have insisted on going to trial." Solomon v. United States, No. 1:10-cr-376-RWS-CCH, 2012 WL 1900138, at *2 (N.D. Ga. May 2, 2012) (citation omitted), report and recommendation adopted, No. 1:10-cr-0376-RWS, 2012 WL 1900136 (N.D. Ga. May 24, 2012). "[I]f a claim fails to satisfy the prejudice component, the Court need not make a ruling on the performance component." Ortiz v. United States, No 8:15-cr-409-VMC-JSS, 2017 WL 6021645, at *2 (M.D. Fla. Jan. 11, 2017).

"[C]ounsel need not always investigate before pursuing or not pursuing a line of defense. Investigation (even a nonexhaustive, preliminary investigation) is not required for counsel reasonably to decline to investigate a line of defense thoroughly." Brownlee v. Haley, 306 F.3d 1043, 1060 (11th Cir. 2002) (citation omitted). "The decision whether to present a line of defense, or even to investigate it, is a matter of strategy and is not ineffective unless the petitioner can prove that the chosen course, in itself, was unreasonable." Id. (internal quotation and citation omitted); see also Stephens v. United States, 14 F. Supp. 2d 1322, 1331 (N.D. Ga. 1998) ("A decision not to investigate a potential defense, like other litigation decisions, need only be reasonable to fall within the range of professionally competent assistance." (citation omitted)).

Additionally, "[i]n cases where the files and records make manifest the lack of merit of a Section 2255 claim, the trial court is not required to hold an evidentiary hearing." United States v. Lagrone, 727 F.2d 1037, 1038 (11th Cir. 1984).

## III. **Analysis**

Mr. Micolta-Sinisterra raises three ineffective assistance of counsel claims. (Civ. Doc. # 2). First, he

claims counsel was ineffective for failing to challenge the validity of the indictment because his conduct was entirely extraterritorial, and this statute cannot apply extraterritorially (Ground One). (Id. at 6-18). Second, he argues that his plea was procedurally invalid because there was insufficient evidence to support the factual basis for his plea, which he did not understand at the time due to his counsel's ineffective advice (Ground Two). (Id. at 19-25). Third, he argues that his counsel provided ineffective assistance at sentencing (Ground Three). (Id. at 26-33). The Court evaluates each Ground in turn.

### A. **Ground One**

Mr. Micolta-Sinisterra argues first that counsel was ineffective for failing to raise a challenge that the statutes which he violated – 46 U.S.C. § 70503(a), 70506(a) and (b) – cannot be applied extraterritorially. (Id. at 6-11). This argument is contradicted by the statutory language. Section 70503(a)(1) makes it a crime to "manufacture or distribute, or possess with intent to manufacture or distribute, a controlled substance," and Section 70503(b) clarifies that "[s]ubsection (a) applies even though the act is committed outside the territorial jurisdiction of the United States." See United States v. Sinisterra, No. 23-13640, 2025 WL

1157239, at *2 (11th Cir. Apr. 21, 2025) ("The MDLEA applies
even though the act is committed outside the territorial
jurisdiction of the United States." (internal citations and
quotations omitted)). Because the argument that the statute
cannot apply extraterritorially is foreclosed by both the
statutory language and precedent, Mr. Micolta-Sinisterra's
counsel was not ineffective for failing to raise this
meritless argument. See Card v. Dugger, 911 F.2d 1494, 1520
(11th Cir. 1990) ("Counsel cannot be labeled ineffective for
failing to raise issues which have no merit.").

Relatedly, Mr. Micolta-Sinisterra next argues that his
counsel should have argued that the Court lacked subject
matter jurisdiction over the crime because it did not occur
within the United States. (Civ. Doc. # 2 at 11-18). But this
argument is also without merit. At the change of plea hearing,
Judge Tuite sought clarification on what renders the two
vessels subject to the jurisdiction of the United States.
(Crim. Doc. # 275 at 2:23-24). The prosecutor responded that
the vessels are "stateless" because "[t]here either was no
claim of registry by the - by any of the crewmembers or, if
there was, that was refuted by the country they designated."
(Id. at 3:1-6). The factual basis in the plea agreement
explained that the trafficking organization's scheme was to

11

transport cocaine "through the international waters of the Pacific Ocean," and that "two SPSSs belonging to this cocaine transportation organization were interdicted by the [USCG] in international waters of the Eastern Pacific Ocean." (Crim Doc. # 158 at 20). When these facts were presented at the change of plea hearing and Mr. Micolta-Sinisterra was asked if he disagreed with any of these facts, he responded that he disagreed with "none" of the facts. (Crim. Doc. # 275 at 28:1).

These facts — to which Mr. Micolta-Sinisterra agreed under oath — are sufficient to establish subject matter jurisdiction. The Eleventh Circuit has "long upheld the authority of Congress to extend the criminal jurisdiction of this country to any stateless vessel in international waters engaged in the distribution of controlled substances." United States v. Campbell, 743 F.3d 802, 810 (11th Cir. 2014) (internal quotations omitted); see also United States v. Alfonso, 104 F.4th 815, 826 (11th Cir. 2024) ("[W]e have always upheld extraterritorial convictions under our drug trafficking laws as an exercise of power under the Felonies Clause" (internal quotations omitted)), cert. denied, No. 24-6177, 2025 WL 1426696 (May 19, 2025). Mr. Micolta-Sinisterra admitted to participating in a conspiracy involving the

trafficking of cocaine in stateless vessels that were interdicted on international waters. See (Crim. Doc. # 275 at 2:23-3:6; 28:1); see also United States v. Iguaran, 821 F.3d 1335, 1337 (11th Cir. 2016) ("Parties may . . . stipulate to facts that bear on our jurisdictional inquiry." (internal quotations omitted)). Accordingly, the Court had subject matter jurisdiction over the charged conduct, and any argument otherwise would have been meritless. Thus, Mr. Micolta-Sinisterra's counsel was not ineffective for failing to raise this argument. See Strickland, 466 U.S. at 694 (holding that petitioners must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different"); see also Card, 911 F.2d at 1520 ("Counsel cannot be labeled ineffective for failing to raise issues which have no merit.").

The Motion is denied as to this Ground.

**B. Ground Two**

Next, Mr. Micolta-Sinisterra claims that his plea was involuntary because his counsel failed to advise him that the government lacked sufficient evidence to support the alleged conspiracy. (Civ. Doc. # 2 at 19-25). Specifically, he asserts that "[t]he factual basis failed to establish the existence

13

of any agreement between him and another person, which was a necessary element of conspiracy." (Id. at 23). But, as stated in the plea agreement, Mr. Micolta-Sinisterra admitted in his post-Miranda interview to "installing engines on SPSSs for [a leader of the drug trafficking organization] from 2007 until 2010, knowing the SPSSs were going to be transporting multi-ton quantities of cocaine." (Crim. Doc. # 158 at 21-22). He also admitted to instructing crewmembers on how to handle the vessels' motors. (Crim. Doc. # 275 at 27).

To obtain a conviction, the government needed to "prove beyond a reasonable doubt that the conspiracy existed, that the defendant *knew* about it and that he voluntarily agreed to join it." United States v. Chandler, 388 F.3d 796, 806 (11th Cir. 2004) (emphasis in original). The factual basis for Mr. Micolta-Sinisterra's plea included the existence of the drug trafficking conspiracy, Mr. Micolta-Sinisterra's knowledge of the conspiracy, and his admission that he joined it voluntarily. (Crim. Doc. # 158 at 21-22). Therefore, Mr. Micolta-Sinisterra's plea to the conspiracy charge contained a sufficient factual basis, and he did not suffer any prejudice because of counsel's alleged failure to advise him of this meritless argument. See United States v. Winfield, 960 F.2d 970, 974 (11th Cir. 1992) ("[A] lawyer's failure to

14

preserve a meritless issue plainly cannot prejudice a client."). Mr. Micolta-Sinisterra has not shown that he would have proceeded to trial in the face of overwhelming evidence if his counsel had raised doubts about the sufficiency of the plea agreement's factual basis. See Solomon, 2012 WL 1900138, at *2 (requiring plaintiffs claiming ineffective assistance of counsel in the plea process to demonstrate prejudice by "show[ing] that there is a 'reasonable probability that, but for counsel's unprofessional errors,' he would not have entered a guilty plea and would have insisted on going to trial"). This ineffective assistance of counsel argument fails. See Ortiz, 2017 WL 6021645, at *2 ("[I]f a claim fails to satisfy the prejudice component, the Court need not make a ruling on the performance component.").

Mr. Micolta-Sinisterra also argues that his counsel failed to advise him that the statute of limitations had passed. (Civ. Doc. # 2 at 21-22). However, the statute of limitations had not passed. The statute of limitations was five years. 18 U.S.C. § 3282. The two vessels were interdicted on December 31, 2008, and May 2, 2010. (Crim. Doc. # 173 at 7-8). Mr. Micolta-Sinisterra was indicted on December 18, 2013. (Crim. Doc. # 1). Thus, the indictment was filed within five years of each interdiction. Accordingly, Mr. Micolta-

15

Sinisterra's prosecution was not barred by the statute of limitations, and it would have been fruitless for his counsel to argue as such. This argument fails to establish ineffective assistance of counsel. See Winfield, 960 F.2d at 974 ("[A] lawyer's failure to preserve a meritless issue plainly cannot prejudice a client.").

The Motion is denied as to Ground Two.

**C. Ground Three**

Finally, Mr. Micolta-Sinisterra argues that his counsel provided ineffective assistance of counsel at sentencing. (Civ. Doc. # 2 at 26-33). Mr. Micolta-Sinisterra raises three supposed errors of his counsel, which the Court analyzes in turn.

**i. Mandatory Minimum**

Mr. Micolta-Sinisterra argues that his counsel should have argued that he was eligible for the statutory safety-valve, such that the mandatory minimum did not apply. (Id. at 26-29). But he was ineligible for the statutory safety-valve. He had a prior conviction from 1999 for conspiracy to possess cocaine with intent to distribute on board a vessel subject to the jurisdiction of the United States, which is a three-point offense. (Crim. Doc. # 173 at 10-11). As Mr. Micolta-Sinisterra has a prior three-point offense, he is ineligible

16

for safety-valve relief. 18 U.S.C. § 3553(f)(1)(B). Thus, Mr. Micolta-Sinisterra cannot establish any prejudice from his counsel's failure to raise a meritless argument. See Winfield, 960 F.2d at 974 ("[A] lawyer's failure to preserve a meritless issue plainly cannot prejudice a client.").

### ii. Sentencing enhancements

Mr. Micolta-Sinisterra argues that no sentencing enhancements should have applied to his sentence so his counsel was ineffective for not objecting to each enhancement. (Civ. Doc. # 2 at 29-30). A two-level enhancement was added because a semi-submersible vessel was used, and a two-level enhancement was added because the defendant's role in the offense involved a special skill – diesel mechanics – and he taught crews how to operate the vessels. (Crim. Doc. # 173 at 9). Notably, Mr. Micolta-Sinisterra's counsel objected to each enhancement at sentencing, so she was not ineffective. (Crim. Doc. # 191 at 6). Even if Mr. Micolta-Sinisterra had adequately identified a specific argument that his counsel failed to raise, he still could not establish prejudice because both enhancements were properly applied.

First, Mr. Micolta-Sinisterra admitted to being "part of a Colombia-based cocaine transportation organization that transported cocaine by . . . semi-submersible . . . vessels."

17

(Crim. Doc. # 158 at 20). Thus, the two-level enhancement for semi-submersible vessel use was properly applied. <u>See</u> USSG §2D1.1(b)(3)(B) (directing courts to apply two-level enhancement "[i]f the defendant unlawfully imported or exported a controlled substance under circumstances in which . . . a submersible vessel or semi-submersible vessel . . . was used").

Second, Mr. Micolta-Sinisterra admitted to installing engines on each interdicted vessel and instructing crewmembers on using the vessels. (Crim. Doc. # 158 at 21). The PSR also noted that he had "studied diesel mechanics for six years" and "had training in hydraulics." (Crim. Doc. # 173 at 9). Therefore, the two-level enhancement for use of a special skill was properly applied. <u>See</u> USSG §3B1.3 (directing courts to apply two-level enhancement when the defendant "used a special skill, in a manner that significantly facilitated the commission or concealment of the offense"); <u>see also</u> <u>United States v. Mateu</u>, No. 24-10500, 2024 WL 4707423, at *1 (11th Cir. Nov. 7, 2024) ("If an 'average person off the street' does not possess the skill, then the skill is considered special for purposes of applying the enhancement."). Having failed to establish both deficient

performance and prejudice, the Court finds that this argument fails. <u>Strickland</u>, 466 U.S. at 687.

### iii. <u>Reference to 2009 Sentencing Guidelines</u>

Mr. Micolta-Sinisterra argues that his counsel erred by failing to object to the Court's reference to the 2009 sentencing guidelines in calculating his sentence. (Civ. Doc. # 2 at 31-33). But Mr. Micolta-Sinisterra misconstrues the Court's limited reference to the 2009 sentencing guidelines at his sentencing hearing. The Court did not calculate his sentence based off the 2009 guidelines as Mr. Micolta-Sinisterra asserts. (<u>Id.</u>).

Rather, the Court noted that it could apply the enhancement for the usage of a semi-submersible vessel because the enhancement was first added by the 2009 guidelines and the second interdiction occurred in 2010. (Crim. Doc. # 273 at 32). Thus, the Court assured that applying the enhancement would not violate the ex post facto clause of the Constitution. <u>See</u> U.S.S.G. 1B1.11(b)(1) ("If the court determines that use of the Guidelines Manual in effect on the date that the defendant is sentenced would violate the **ex post facto** clause of the United States Constitution, the court shall use the Guidelines Manual in effect on the date that the offense of conviction was committed." (emphasis in

original)). Therefore, Mr. Micolta-Sinisterra was not prejudiced by his counsel's failure to raise this meritless argument. <u>See</u> <u>Winfield</u>, 960 F.2d at 974 ("[A] lawyer's failure to preserve a meritless issue plainly cannot prejudice a client.").

In short, the Motion is denied as to Ground Three.

**IV.   <u>Evidentiary Hearing</u>**

As the Court has readily concluded that the Motion lacks merit, the Court declines to hold an evidentiary hearing on Mr. Micolta-Sinisterra's Section 2255 Motion. <u>See</u> <u>Lagrone</u>, 727 F.2d at 1038 (holding that courts need not hold evidentiary hearings in § 2255 actions when the lack of merit is "manifest").

**V.   <u>Certificate of Appealability and Leave to Appeal In Forma Pauperis Denied</u>**

The Court declines to issue a certificate of appealability because Mr. Micolta-Sinisterra has failed to make a substantial showing of the denial of a constitutional right as required by 28 U.S.C. § 2253(c)(2). Nor will the Court authorize Mr. Micolta-Sinisterra to proceed on appeal in forma pauperis because such an appeal would not be taken in good faith. <u>See</u> 28 U.S.C. § 1915(a)(3). Mr. Micolta-

Sinisterra shall be required to pay the full amount of the appellate filing fee pursuant to Section 1915(b)(1) and (2).

Accordingly, it is now

**ORDERED, ADJUDGED,** and **DECREED:**

(1)    Silvio Micolta-Sinisterra's pro se 28 U.S.C. § 2255 Motion to Vacate, Set Aside, or Correct Sentence (Civ. Doc. # 1; Crim. Doc. # 295) is **DENIED.**

(2)    The Clerk is directed to enter judgment for the United States of America and to close this case.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 6th day of June, 2025.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE